**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30216 |
| Plaintiff-Appellee, | D.C. No. 6:16-cr-00078-MC |
| v. | |
| SCOTT RAYMOND BEARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Scott Raymond Beard appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea convictions

for two counts of theft concerning a program receiving federal funds, in violation

of 18 U.S.C. § 666(a)(1)(A), and two counts of money laundering, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 1956 (a)(1)(B)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Beard contends that the district court erred by failing to provide notice under Federal Rule of Criminal Procedure 32(h) of its intent to depart upwards. The record reflects that the district court imposed an upward variance based on the 18 U.S.C. § 3553(a) sentencing factors, rather than an upward departure. Therefore, the court was not required to give notice under Rule 32(h).  *See Irizarry v. United States*, 553 U.S. 708, 714-16 (2008).

Beard next argues that the district court procedurally erred by failing to explain adequately the sentence imposed.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  The record reflects that the district court used the correctly calculated Guidelines range as its starting point and adequately explained its reasons for the above-Guidelines sentence.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Contrary to Beard's contention, the district court was empowered to consider the extent to which the Guidelines did not sufficiently account for the nature and circumstances of Beard's offense, which involved a serious violation of the public trust.  *See United States v. Christensen,* 732 F.3d 1094, 1101 (9th Cir. 2013).

Finally, Beard contends that his sentence is substantively unreasonable.  The

16-30216

district court did not abuse its discretion.  *See Gall v. United States,* 552 U.S. 38, 51 (2007).  The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

**AFFIRMED**.

16-30216